UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY APILADO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JEFFREY MACOMBER,<br><br>　　　　Respondent. | No.  2:24-cv-00168-CKD<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion to proceed in forma pauperis. ECF Nos. 1-2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.　　Factual and Procedural Background**

Petitioner was convicted of rape, lewd and lascivious conduct and attempted lewd and lascivious conduct following a jury trial in the Sacramento County Superior Court. On April 1, 2010, he was sentenced to serve 15 years to life plus a determinate term of 4 years in prison. Petitioner's conviction was affirmed on direct appeal.

Petitioner filed a habeas corpus petition in the state trial court seeking relief pursuant to California Assembly Bill 1869. On September 5, 2023, the Sacramento County Superior Court granted habeas relief and amended petitioner's abstract of judgment to vacate the Main Jail

Classification Fee.  The prison sentence remained the same.

In the present habeas application, petitioner seeks additional relief pursuant to California Assembly Bill 1869 arguing that the trial court was required to resentence him in person and to appoint him counsel for the purpose of the resentencing hearing.

**II.     Analysis**

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  The court has conducted that review and determined that petitioner's habeas application raises only challenges to state sentencing laws that are not cognizable in this federal habeas corpus action.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (emphasizing that "[w]e have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Here, petitioner seeks relief under California Assembly Bill 1869 pertaining to the imposition of court fees.  Petitioner's claim is solely concerned with the application of state law and is therefore not cognizable in this federal habeas action.  Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (declining to address whether assault with a deadly weapon qualifies as a "serious felony" under California's sentence enhancement provisions because it is a question of state sentencing law, for which habeas relief is unavailable).  As a result, the undersigned recommends that petitioner's application for a writ of habeas corpus be summarily dismissed.

**III.    Plain Language Summary for Party Proceeding Without Counsel**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Because your claim is based exclusively on the application of state law, it is not reviewable by this court in this federal habeas corpus action.  It is recommended that your habeas petition be dismissed without reviewing the merits of the claim.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will review the matter and issue the final decision.

Accordingly, IT IS HERBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is denied as unnecessary in light of the recommended summary dismissal of this action.

2. The Clerk of Court randomly assign this matter to a district court judge.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed

/////
/////
/////
/////

within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 27, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/apil0168.summ.dism